# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Honorable Michael A. Hammer |
| v. | : | Mag. No. 20-10078 |
| NARIQ PETES | : | **CRIMINAL COMPLAINT** |

I, Steven A. Perez, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Marshal with the United States Marshals Service, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

Continued on the attached page and made a part hereof:

_____
Steven A. Perez, Special Marshal
United States Marshal Service

Sworn to before me and subscribed in my presence,
February 14, 2020 in Newark, New Jersey

_____
HONORABLE MICHAEL A. HAMMER
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### COUNT ONE
(Possession with Intent to Distribute Heroin and Cocaine)

On or about October 22, 2019, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**NARIQ PETES,**

did knowingly and intentionally possess with the intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT TWO
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about October 22, 2019, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**NARIQ PETES,**

did knowingly possess a firearm, that is a .32 caliber Beretta handgun, Model Tomcat 32 Auto, bearing serial number DAA401726, loaded with six .32 caliber ballpoint rounds of ammunition, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is the possession with intent to distribute heroin and cocaine, as charged in Count One of this Criminal Complaint.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## ATTACHMENT B

I, Steven A. Perez, am a Deputy Marshal with the United States Marshals Service. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and photographs of the evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1.  On October 22, 2019, at approximately 9:30 p.m., Newark Police Officers assigned to the Fifth Precinct Crime Prevention Team, attired in civilian clothing and utilizing unmarked police vehicles, were patrolling the area of Clinton Place and Tillinghast Street in the City of Newark. During their patrol, officers observed a 2014 Silver Ford Focus, bearing New Jersey registration C71GPN ("Suspect Vehicle") commit a motor vehicle infraction. Accordingly, the officers conducted a stop of the Suspect Vehicle.

2.  As the officers approached the Suspect Vehicle, they smelled a strong odor of raw marijuana emanating from within. The Suspect Vehicle contained three occupants—the driver (the "Driver"), the front seat passenger, Nariq Petes ("Petes") and rear passenger ("Rear Passenger")(collectively, the "Occupants")—who were all wearing black or dark clothing.

3.  Officer-1 asked the Driver about the smell of raw marijuana, and Petes immediately stated "I was smoking earlier." Officer-1 observed a large stack of United States currency protruding from Petes right jacket pocket and asked Petes to step out of the Suspect Vehicle.

4.  As Petes exited the vehicle, his outer garment raised up and revealed a clear plastic bag concealed in his waistband. Because it is common for narcotics distributors to conceal narcotics in clear sandwich bags and to secure said bags in their waistband area, Officer-1 attempted to retrieve the clear plastic bag, but Petes initially pulled away from him (Officer-1). Officer-1 ultimately placed Petes in restraints for his and his fellow officers' safety. Officer-1 then illuminated Petes's waist area where Officer-1 observed the plastic bag and frisked the area for weapons. Officer-1 immediately recognized a large bulge in Petes's waistband area to be several glassine envelopes of heroin tied in a rubber band creating rectangle bundles. Indeed, when Officer-1 removed the bag, he discovered it contained approximately 102 glassine

envelopes of heroin (58 envelopes stamped "Kick Ass," 24 envelopes stamped "Kim," 10 envelopes stamped "Passion," and 10 envelopes stamped "Black Sunday") tied with tan rubber bands and approximately 37 plastic jugs containing cocaine.

    5.    Officer-2 and Officer-3 removed the Rear Passenger and the Driver from the Suspect Vehicle to investigate the smell of marijuana. Officer-3 located 7 medium clear zip lock bags on the floor in front of the driver seat, and a Bluntville cigar leaf wrapper containing raw marijuana. As Officer-3 exited the Suspect Vehicle he observed what he recognized to be the handle of a handgun. Officer-3 informed Officer-1 and Officer-2 of his discovery. Officer-3 then informed the Occupants that a handgun was located in the Suspect Vehicle. Petes immediately shouted "Fuck! It's mine! They didn't know it was there." Officer-2 immediately *Mirandized* Petes.

    6.    Officer-2 called for a uniformed Newark officer equipped with a body-worn camera to respond to the scene. Upon the arrival of the uniformed officer (Officer-4), Petes was *Mirandized* again. After being *Mirandized* a second time, Petes stated, among other things, that the firearm (a .32 caliber Beretta handgun, Model Tomcat 32 Auto, bearing serial number DAA401726, loaded with six .32 caliber ballpoint rounds of ammunition) and all the narcotics found in the Suspect Vehicle belonged to him alone and not the other Occupants.